IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MAGISTRATE JUDGE
BANDSTRA

CIV-MARTINEZ

| | |
|---|---|
| PAETEC COMMUNICATIONS, INC., a Delaware corporation ) ) Plaintiff, ) ) v. ) ) BELLSOUTH TELECOMMUNICATIONS, ) INC., a Georgia corporation ) ) Defendant ) ) | **06-61564** CASE NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

PAETEC Communications, Inc. ("PAETEC"), by and through its undersigned counsel, pursuant to 27 U.S.C. § 2201, hereby requests a judgment from this Court declaring that BellSouth Telecommunications, Inc. ("BellSouth") has no legal basis for billing interstate carrier access charges to PAETEC for telecommunications traffic for which PAETEC is not the interexchange carrier, and that any attempt by BellSouth to restrict or impair PAETEC's service in an attempt to collect such unauthorized charges would violate federal law and BellSouth's applicable tariff.

### I. PARTIES

1. Plaintiff PAETEC is a Delaware corporation with its principal office located at 600 Willowbrook Office Park, Fairport, NY 14450. PAETEC is a telecommunications carrier providing local and long distance telecommunications and related services in various states, including Florida.

1

2. Defendant BellSouth Telecommunications, Inc. ("BellSouth") is a Georgia corporation with its principal office located at 675 W. Peachtree Street, Atlanta, GA. 30375. BellSouth is a telecommunications carrier providing local and long distance telecommunications services in various states, including Florida.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. §§ 1331 and 1337 because it arises under a federal statute governing interstate commerce, and concerns duties, charges, and liabilities arising under the Communications Act of 1934, as amended, 47 U.S.C. §§ 151, *et seq.*, and tariffs filed by BellSouth under the Communications Act. Consequently, (1) an actual, present and justiciable controversy exists between the parties, and (2) there is a separate basis for federal subject matter jurisdiction.

4. The Court also has jurisdiction under 28 U.S.C. § 1332 because Plaintiff and defendant BellSouth are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. PAETEC seeks a declaratory judgment under 28 U.S.C. §§ 2201.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as BellSouth transacts and conducts business in this district. A substantial part of the events giving rise to this dispute occurred in this district.

## DECLARATORY RELIEF

6. This case concerns charges billed by BellSouth to PAETEC for certain interstate telecommunications calls delivered by PAETEC to BellSouth within the State of Florida. In Florida both BellSouth and PAETEC are local exchange carriers ("LECs"), providing local telephone service to their respective end user customers. Pursuant to the Telecommunications Act of 1996, 47 U.S.C. §§ 251 *et seq.*, and implementing agreements between them, PAETEC and BellSouth

2

have established local interconnection trunks linking their networks together for the purpose of allowing their customers in Florida to communicate with each other.

7. Most of the traffic exchanged over the parties' local interconnection trunks consists of calls that both originate and terminate within south Florida, which are not at issue here. A portion of that traffic, however, (the "Disputed Traffic") consists of calls that originate in states outside of Florida. The Disputed Traffic is transported into Florida by one or more third parties, who subscribe to local service from PAETEC in Florida as a means of terminating their interstate long distance calls to Florida end users. These third-party long distance calls are routed by PAETEC to BellSouth in the same way, over the same local interconnection trunks, as calls originated by PAETEC end users located in Florida.

8. Around October 2002, BellSouth began billing PAETEC "terminating switched access charges" for the Disputed Traffic. Access charges are paid by interexchange (*i.e.*, long distance) carriers to LECs to compensate the LECs for the use of the local telephone network to originate or terminate long distance telephone calls. Access charges in connection with interstate calls are regulated by the Federal Communications Commission ("FCC"). Part 69 of the FCC's regulations governs the applicability of interstate access charges. 47 CFR § 69.1(a). The rates, terms and conditions for access charges in connection with interstate calls are set forth in schedules ("tariffs") filed by the LEC with the FCC. BellSouth billed the charges subject to this dispute pursuant to its interstate access tariff on file with the FCC.

9. PAETEC refused to pay the access charges BellSouth assessed for the Disputed Traffic. PAETEC claimed it was not liable for access charges because it was not acting as an interexchange carrier with respect to the Disputed Traffic. PAETEC relied on Section 69.5(b) of the FCC's Rules, 47 C.F.R. § 69.5(b), which provides that access charges are to be assessed upon

"interexchange carriers," and not on other LECs like PAETEC. PAETEC also pointed to a 2004 decision in which the FCC, discussing the applicability of access charges, stated:

> We note that, pursuant to section 69.5(b) of our rules, access charges are to be assessed on interexchange carriers. 47 C.F.R. § 69.5(b). To the extent terminating LECs seek application of access charges, these charges should be assessed against interexchange carriers and not against any intermediate LECs that may hand off the traffic to the terminating LECs, unless the terms of any relevant contracts or tariffs provide otherwise.

*Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services are Exempt from Access Charges ("AT&T Declaratory Ruling")*, 17 F.C.C.R. 7457 (2004), n. 92. PAETEC maintained that with respect to the Disputed Traffic PAETEC was an intermediate LEC handing off the traffic to BellSouth, the terminating LEC. PAETEC was therefore not liable to BellSouth for access charges.

10. PAETEC offered to make available to BellSouth information that would enable BellSouth to bill its access charges to the proper party, but BellSouth insisted on billing PAETEC instead.

11. By June 2006 the total access charges claimed by BellSouth for the Disputed Traffic exceeded $400,000. BellSouth threatened to, and subsequently did, cease processing new orders for PAETEC. BellSouth also threatened to terminate PAETEC's service altogether. The parties entered into a Standstill Agreement under which BellSouth agreed to process orders and not to terminate PAETEC's service while the parties discussed possible settlement of their dispute. The Standstill Agreement, after one extension, is set to expire after October 30, 2006. Following months of negotiations, the parties have been unsuccessful in their attempts to settle the underlying dispute.

12. BellSouth has demanded the payment of these charges and has and continues to threaten the cessation of services to PAETEC not only in Florida, but also in other states serviced

4

by Bell South, if they are not paid. All these actions by BellSouth, in addition to the unwarranted charges, threatened PAETEC's economic survival as a competitive carrier, in Florida and elsewhere, create significant problems with PAETEC's customers, and put at risk PAETEC's ability to hold on to its existing customer base and its ability to obtain and retain new customers and to otherwise expand its business.

13. As a result of the foregoing a real, actual and present controversy exits between the parties.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court grant the following relief:

A. A declaration pursuant to 27 U.S.C. § 2201 that under the federal Communications Act, implementing FCC regulations, and BellSouth's applicable tariff, BellSouth cannot lawfully impose carrier access charges regarding the Disputed Traffic on PAETEC where, as here, PAETEC is acting as a LEC and not an interexchange carrier; that BellSouth's charges are otherwise unjustified under the circumstances; and that any attempt by BellSouth to restrict or impair PAETEC's service in an attempt to collect such unauthorized charges is an unjust and unreasonable practice under Section 201 of the Communications Act and is otherwise in violation of federal law and BellSouth's applicable tariff.

B. Award Plaintiff such other relief as the Court determines just and proper.

ALLAN M. LERNER, P.A.
Attorney for PAETEC Communications, Inc.

_____
Allan Michael Lerner, Esq.
Florida Bar No. 196681
2888 E. Oakland Park Blvd.
Ft. Lauderdale, FL  33306
(954) 563-8111
(954) 563-8522
*AMLRWP@aol.com*

Michael J. Goldey, Esq.*
81 Highfield Road
Harrison, New York 10528
(914) 967-3312 (voice)
*m.goldey@mindspring.com*

Harry N. Malone III, Esq.*
Russell M. Blau, Esq.
Bingham McCutchen LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
(202)373-6705 (voice)
(202)424-7645 (facsimile)
harry.malone@bingham.com

John Messenger, Esq.*
Assoc. General Counsel
PAETEC Communications, Inc.
600 Willowbrook Office Park
Fairport, N.Y. 14450
(585) 340-2772
(585) 340-2563 (facsimile)
John.Messenger@PaeTec.com

Counsel to PAETEC Communications, Inc.

\*   *Pro hac vice Application for admission to be filed with the Court*

Dated:  October 17, 2006

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
PAETEC COMMUNICATIONS, INC.

### DEFENDANTS
BELLSOUTH TELECOMMUNICATIONS, INC.

**MAGISTRATE JUDGE BANDSTRA**

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

CIV-MARTINEZ
06-61564

(c) Attorney's (Firm Name, Address, and Telephone Number)
ALLAN M. LERNER, P.A.
2888 E. OAKLAND PARK BLVD.
FT. LAUDERDALE, FL 33306
(954) 563-8111

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06CV61564-Martinez Bandstra

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 350 Motor Vehicle | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 290 All Other Real Property | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Re-filed- (see VI below)  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify)  
☐ 6 Multidistrict Litigation  
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO        b) Related Cases ☐ YES ☐ NO

JUDGE                                                                    DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

(1) 47 U.S.C. §151, et seq.: Dispute arising under Telecommunications Act; and/or (2) 28 U.S.C. § 1332: Declaratory Judgment based on Diversity Jurisdiction.
LENGTH OF TRIAL via one(1) days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 10/17/06

FOR OFFICE USE ONLY
AMOUNT 350       RECEIPT # 538458       IFP